Sheila TINER, Plaintiff—Appellant,

v.

GREENBERG, TRAURIG, P.A., a Florida professional association; Law Offices of Carol Perrin; Carol Perrin, Defendants—Appellees.

Nos. 01–56870, 01–56871.

D.C. No. CV–01–3969–R.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 2002.

Decided Nov. 13, 2002.

Before PREGERSON, NOONAN, and TASHIMA, Circuit Judges.

MEMORANDUM *

Sheila Tiner appeals from the district court's order granting summary judgment in favor of appellees. We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

The district court was correct to grant summary judgment because Tiner did not

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

present sufficient evidence to allow a reasonable jury to conclude that she had been constructively terminated. Constructive discharge occurs when an employer knowingly permits working conditions that are so intolerable at the time of the employee's resignation that a reasonable employer would realize that a reasonable person in the employee's position would be compelled to resign. *Turner v. Anheuser–Busch, Inc.,* 7 Cal.4th 1238, 32 Cal.Rptr.2d 223, 876 P.2d 1022, 1029 (Cal.1994). None of the conditions alleged by Tiner, either separately or in the aggregate, were so intolerable that a reasonable employee would have felt compelled to resign.

Even if Tiner had presented sufficient evidence of constructive termination, summary judgment would still have been proper because she failed to establish that her termination would have been against public policy. In order for a termination to be actionable it must have been in violation of a "fundamental, well-established, substantial policy that concerns society at large rather than the individual interests of the employer or employee...." *Hunter v. Up–Right Inc.,* 6 Cal.4th 1174, 26 Cal. Rptr.2d 8, 864 P.2d 88, 94 (Cal.1993) (citing *Foley v. Interactive Data Corp.,* 47 Cal.3d 654, 254 Cal.Rptr. 211, 765 P.2d 373, 379 (Cal.1988)). Tiner failed to present evidence that her termination violated public policy. She did not claim that she was asked to do anything illegal or improper, nor did she claim that she made any attempt to reveal the alleged billing fraud. Thus, the district court correctly granted summary judgment in appellees' favor.

The district court's order granting summary judgment is AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Tiner also separately appeals from the protective order which precluded her from seeking discovery in certain areas. Because we affirm the grant of summary judgment, Tiner's appeal of the protective order has become moot. Therefore, Tiner's appeal from the protective order is DISMISSED as moot.